UNITED STATES DISCTRICT COURT DISTRICT OF NEW JERSEY
DOCKET No. 3:15-CV-04106-PGS-DEA

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED
2015 DEC 30  PM 12 25

Zia Shaikh, *in propria persona*
4400 Route 9
Suite 1000
Freehold, New Jersey 07728
732-766-5466(c)

## DISTRICT COURT FOR THE UNITED STATES
## DISTRICT OF NEW JERSEY
## TRENTON VICINAGE

| | |
|---|---|
| Zia Shaikh, | Case No.3:15-cv-04106 |
| Plaintiff, | |
| | CIVIL ACTION |
| vs. | |
| Jackson Township, | |
| Jackson Township Police Dept., | **NOTICE OF SPECIAL** |
| Jackson Twsp. Police Officer | ***PRO SE*** |
| Tristan Bennett Badge #273, | **LITIGANT RIGHTS** |
| Jackson Twsp. Police Officer David | |
| Watson  Badge #256, | |
| Jackson Township Police Sergeant | |
| Wayne Olejarz Badge #204, | |
| Police Officer Eric Prosniewski | |
| Badge #249, | |
| Steven A. Zabarsky, Esq., | |
| Kimberly Zabarsky, Law firm | |
| of Citta, Holzapfel & Zabarsky, | |
| Legal Malpractice Insurance Carrier | |
| for Citta, Holzapfel & Zabarsky, | |
| Laura Germadnig-Shaikh, Siegfried | |
| Germadnig, Patricia Germadnig, | |
| Melissa Reeves, Kenneth Reeves, | |
| Cathleen Christie-Coneeny, Esq., | |
| Legal Malpractice Insurance Carrier | |
| For Cathleen Christie-Coneeny, Esq., | |
| Camille Eluzzi, Jackson Twsp. | |
| Assistant Deputy Court | |
| Administrator,  Cowan & Gunteski, | |
| CPA  Co.,John Does 1-10, Jane Does 1-10, XYZ Corporations, | |
| Defendant. | |

1

UNITED STATES DISCTRICT COURT DISTRICT OF NEW JERSEY
DOCKET No. 3:15-CV-04106-PGS-DEA

## Notice of Special *Pro Se* Litigant Rights

Comes now Petitioner, Zia Shaikh, respectfully providing a sample collection of federal case laws regarding certain special respect to and for *pro se* rights:

*Pro se* pleadings are always to be construed liberally and expansively, affording them all opportunity in obtaining substance of justice, over technicality of form. *Maty v. Grasselli Chemical Co.* 303 U.S. 197 (1938); *Picking v. Pennsylvania Railroad Co.* 151 F.2d 240 (3rd Cir. 1945); *Jenkins v. McKeithen* 395 U.S. 411, 421 (1959); *Haines v. Kerner* 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); *Cruz v. Beto* 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972); *Puckett v. Cox* 456 F. 2d 233 (6th Cir. 1972); and, etc., etc., etc., practically *ad infinitum*.

If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax or sentence construction, or a litigant's unfamiliarity with particular rule requirements. *Boag v. MacDougall* 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982); *Estelle v. Gamble* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting *Conley v. Gibson* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Haines v. Kerner* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *McDowell v. Delaware State Police* 88 F.3d 188, 189 (3rd Cir. 1996); *United States v. Day* 969 F.2d 39, 42 (3rd Cir. 1992); *Then v. I.N.S.* 58 F.Supp.2d 422, 429 (D.N.J. 1999); and, etc., along with numerous similar rulings.

When interpreting *pro se* papers, this Court is required to use its own common sense to determine what relief that party either desires, or is otherwise entitled to. *S.E.C. v. Elliott* 953 F.2d 1560, 1582 (11th Cir. 1992). See also, *United States v. Miller* 197 F.3d 644, 648 (3rd Cir. 1999) (court has a special obligation to construe *pro se* litigants' pleadings liberally); *Poling v.*

UNITED STATES DISCTRICT COURT DISTRICT OF NEW JERSEY
DOCKET No. 3:15-CV-04106-PGS-DEA

<u>K. Hovnanian Enterprises</u> 99 F.Supp.2d 502, 506-07 (D.N.J. 2000); and, etc.

Indeed, the courts will even go to particular pains to **protect** pro se litigants against consequences of technical errors if injustice would otherwise result. <u>U.S. v. Sanchez</u> 88 F.3d 1243 (D.C.C ir. 1996). Moreover, "*the court is under a duty to examine the complaint to determine if the allegations provide for relief on \*any\* possible theory.*" (emphasis added) See, e.g., <u>Bonner v. Circuit Court of St. Louis</u> 526 F.2d 1331, 1334 (8th Cir. 1975) (quoting <u>Bramlet v. Wilson</u> 495 F.2d 714, 716 (8th Cir. 1974)), and etc.

                                        Respectfully submitted,

                                        Zia Shaikh
                                        4400 RT 9 Suite 1000
                                        Freehold, NJ 07728
                                        Tel: (732) 766-5466
                                        Email: <u>Zia@MyArpp.com</u>
                                        *Pro Se Petitioner Party of Record*

**DATED: DECEMBER 28, 2015**

ZA SHAIKH
400 Rt 9 Suite 100
FREEHOLD NJ 07728

TRENTON
NJ 085
28 DEC 115

0820083150? 0034

New Jersey District Court Clerk
US District Court for the District of New Jersey
Clarkson S. Fisher Bldg & U.S. Court House
402 E. State St
Trenton, NJ 08608

Re Case No 1-3:15-CV-04106

FOREVER
C5005 12282 13546