## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZIA SHAIKH,<br><br>*Plaintiff,*<br><br>v.<br><br>JACKSON TOWNSHIP, ET AL.,<br>*Defendants.* | Civil Action No.:<br>3:15-cv-04106-PGS-DEA<br><br>**MEMORANDUM AND ORDER** |

**SHERIDAN, U.S.D.J.**

Presently before the Court is *pro se* Plaintiff Zia Shaikh's ("Plaintiff") Motion to Reinstate the Case under Fed. R. Civ. P. 60(b). (ECF No. 151). Plaintiff, who is under the erroneous impression that his case was previously dismissed based on the *Rooker-Feldman* doctrine, argues that pursuant to a recently decided Third Circuit case, this Court incorrectly applied the *Rooker-Feldman* doctrine, and therefore his case should be reinstated. Oral argument was held on July 15, 2020. For the reasons stated below, Plaintiff's motion is denied in its entirety.

### I.

By way of background, this action arises out of a marital dispute between Plaintiff and his ex-wife, co-defendant Laura Germadnig-Shaikh [hereinafter "Germadnig-Shaikh"], which was adjudicated in New Jersey Superior Court [hereinafter the "family court matter"].

On or about September 17, 2013, Plaintiff filed a Complaint for Divorce against Germadnig-Shaikh in the Superior Court of New Jersey, Ocean County, Family Part. (*See* Zabarsky Summ. J. Statement of Material Facts (SOMF) ¶ 1, ECF No. 98-2). Over the next two

1

years, Plaintiff failed to pay court-ordered family support payments and otherwise failed to comply with state court orders related to the divorce proceedings. (*Id.* ¶ 2).

On or about June 17, 2015, Plaintiff filed a Federal Complaint against Germadnig-Shaikh, her parents, and two of her friends (collectively, the "Germadnig Defendants"); the law firm of Citta, Holzapfel & Zabarsky, as well as Kimberly Zabarsky[1] (the "Zabarsky Defendants"); Jackson Township, the Jackson Township Police Department, and various township police officers (the "Jackson Township Defendants"); Cathleen Christie-Coneeny, Esq., who represented Germadnig-Shaikh at one point in the family court matter; and a number of actors and entities who were involved or mentioned in the underlying family court matter in some fashion (collectively, "the Defendants"). (*See generally* Compl., ECF No. 1).

Plaintiff's Complaint alleged twelve separate claims, including false imprisonment, abuse of process, R.I.C.O. claims, and various constitutional violations. (*See* Compl. ¶¶ 79-210). The thrust of Plaintiff's allegations was that the Defendants acted in concert to have him falsely arrested for domestic violence, to deprive him of his children, to extort monies from him for child and spousal support, and to otherwise prejudice him in the family court matter. (*See generally id.*).

Around the same time of the filing of his Federal Complaint, Plaintiff filed a nearly identical civil action in Ocean County Superior Court, Law Division, against virtually the same defendants and alleged similar claims[2]. (Zabarsky Summ. J. SOMF ¶ 4).

Between 2014 and 2016, the Ocean County Court issued numerous Orders and Opinions in the family court matter, most of which were adverse to Plaintiff. (*See* Exs. A, C, E, F, G, J, M, N to Zabarsky Summ J. Br.).

---

[1] Kimberly Zabarsky is the wife of Defendant Steven A. Zabarsky, Esq. (Compl. ¶ 9).
[2] The Ocean County divorce case and related civil case were consolidated.

II.

After Plaintiff filed his Federal Complaint, Defendants filed various dispositive motions. In sum, Defendants argued that the allegations in the Complaint were meritless and simply a retaliatory action against Plaintiff's wife, his wife's attorney, and other actors involved in the original family court matter.

On November 9, 2016, this Court ruled on the merits of Plaintiff's claims and issued an oral opinion from the bench. (*See generally* Hr'g Tr. Nov. 9, 2016, ECF No. 160). Generally, this Court found that Plaintiff had failed to allege sufficient facts to plead his numerous causes of action[3]. (*See generally id.*). The Court did not rely on or even mention the *Rooker-Feldman* doctrine in its ruling. (*Id.*).

As such, this Court issued an Order on November 15, 2016 which, *inter alia*, granted the Zabarsky Defendants' Motion for Summary Judgment; granted the Germadnig Defendants' Motion for Judgment on the Pleadings; granted the Jackson Township Defendants' Motion for Judgment on the Pleadings; dismissed all causes of action against Defendant Christie; denied Plaintiff's Cross-Motion to Strike Motion for Judgment on the Pleadings; and dismissed Plaintiff's Complaint. (Order, ECF No. 141). Then, on December 21, 2016, this Court denied Plaintiff's motion to amend his Complaint and directed the Clerk to close the case. (Order, ECF No. 148).

Plaintiff did not appeal either Order. Instead, approximately three years later, Plaintiff filed the instant motion to reinstate the case.

---

[3] On the discrete issue of the revocation of Plaintiff's passport pertaining to the family court matter, this Court abstained from deciding that issue based on the *Colorado River* abstention doctrine. (Hr.'g Tr. 20:6-25; 21-1-3).

III.

The crux of Plaintiff's arguments in his present motion is that this Court incorrectly applied the *Rooker-Feldman* doctrine during the dispositive motions stage because (1) Plaintiff was a "winner" in the state court domestic violence matter, and (2) he is not seeking to overturn or appeal a state court decision. (Pl.'s Moving Br. ¶¶ 9, 10, ECF No. 151). Plaintiff relies principally on a recently decided Third Circuit case, *Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453 (3d Cir. 2019), which he alleges "opens the door for [him] to reopen his case" under Federal Rule of Civil Procedure 60(b). (Pl.'s Reply Br. ¶ 7, ECF No. 154).

Moreover, Plaintiff asserts that he is not seeking alimony, child support, child custody, or divorce; nor is he requesting that this Court act as a "super-appeal" court. (Pl.'s Moving Br. ¶ 6). Rather, Plaintiff states that he filed the instant motion "strictly for monetary damages for harm and damage done to him by state court actors acting in concert with private actors." (*Id.*). Plaintiff also requests that this Court enter a stay of execution for the duration of these proceedings[4].

IV.

Because Plaintiff is *pro se*, the Court construes Plaintiff's motion liberally. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Higgs v. AG of the United States*, 655 F.3d 333, 339 (3d Cir. 2011). Accordingly, based on the briefing papers, Plaintiff's motion appears to seek relief under Fed. R. Civ. P. 60(b)(2) and (6).

Rule 60(b) states that "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for several reasons, including "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to

---

[4] Only the Zabarsky Defendants have responded to Plaintiff's motion. Counsel for the other defendants no longer represent their clients; or the defendants have elected not to respond to Plaintiff's motion. (*See* ECF Nos. 153, 156, 158).

move for a new trial under Rule 59(b);" and for "any other reason that justifies relief," the catchall provision. Fed. R. Civ. P. 60(b)(2) and (6).

A motion filed under Rule 60(b) "is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation and internal quotation marks omitted). The remedy provided by Rule 60(b) is "extraordinary, and special circumstances must justify granting relief under it." *Tischio*, 16 F. Supp. 2d at 533 (quoting *Moolenaar v. Government of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987)) (internal quotation marks omitted); *see Gonzalez v. Crosby*, 545 U.S. 524 (2005).

Generally, "a motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). If, however, a party claims that new evidence has been discovered, as is the case here, a motion must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.*

V.

In this case, the *Malhan* decision is immaterial to the present case, and Plaintiff has failed to demonstrate extraordinary circumstances that would justify reopening the case.  Therefore, Plaintiff's motion must be denied.

A. Timeliness of Plaintiff's Motion

At the outset, Plaintiff's motion, which was filed on December 9, 2019, was untimely filed.

As indicated, a motion under Rule 60(b) must be made "within a reasonable time;" however, when a party claims that new evidence has been discovered, the motion must be made no more than one year after the entry of judgment. Fed. R. Civ. P. 60(c)(1).

In this case, the Order adjudicating the dispositive motions and dismissing Plaintiff's Complaint was entered on November 15, 2016, while the Order denying Plaintiff's motion to amend his complaint was entered shortly after, on December 21, 2016.   Thus, Plaintiff's instant motion was filed well after the one-year time frame based on his "newly discovered" evidence theory, as required by Rule 60(c).  Similarly, his motion was not filed within a "reasonable time" because, as further explained below, the Third Circuit's deciding of the *Malhan* case is not a satisfactory reason to justify Plaintiff waiting three years to file his motion to reinstate the case.

Furthermore, Plaintiff failed to appeal the above-mentioned Orders within the time frame allotted by the Federal Rules of Appellate Procedure.  Fed. R. App. P. 4(a)(1)(A) (requiring that when one appeals a civil case, "the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.").

Nevertheless, due to Plaintiff's *pro se* status, he may have been unfamiliar with the court rules and filing deadlines.  As such, the Court will address the merits of Plaintiff's arguments.

B. *Malhan* and the *Rooker-Feldman* doctrine

As indicated, Plaintiff's motion and the arguments therein are based primarily on *Malhan*, a recent Third Circuit decision.  938 F.3d 453.  Plaintiff claims that *Malhan* constitutes "newly discovered evidence" under Fed. R. Civ. P. 60(b)(2), which, he claims, supports his assertion that his Federal Complaint was unjustly dismissed.  (Pl.'s Reply Br. ¶ 1).  Yet, the advent of new case law long after a decision has been rendered does not fall within the parameters of Rule 60(b)(2). *See Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991)) (setting forth the requirements of Rule 60(b)(2)).

In *Malhan*, which was a case that arose out of a family law dispute in New Jersey state court, the district court dismissed the plaintiff's federal complaint after ruling that it lacked

jurisdiction to hear the case under the *Rooker-Feldman* doctrine; and, to the extent that it had jurisdiction, declined to exercise it under the *Younger* abstention doctrine. *Malhan*, 938 F.3d at 455-56. The Third Circuit, however, reversed in part the district court's ruling and held that the district court did, in fact, possess federal question jurisdiction despite the district court's invocation of the *Rooker-Feldman* doctrine and *Younger* abstention doctrine. *Id.* at 458-65. Therefore, the *Malhan* court's decision relied primarily on the correct interpretation and application of both doctrines. *Id.*

Here, Plaintiff's reliance on *Malhan* is seriously misguided because it rests on the erroneous premise that this Court previously held that the *Rooker-Feldman* doctrine applied in this case. However, when deciding the parties' dispositive motions in November 2016, this Court adjudicated Plaintiff's causes of actions *on the merits*; notably, neither the Court nor the parties even mentioned the *Rooker-Feldman* doctrine during oral argument, and the doctrine was not mentioned in the subsequent Orders that were entered. (*See generally* Hr'g Tr.). Unlike the district court in *Malhan*, this Court exercised its federal question jurisdiction, addressed directly Plaintiff's causes of actions, and dismissed Plaintiff's Complaint on the merits.

As such, *Malhan* is wholly irrelevant to and factually distinguishable from this case and cannot possibly be deemed new evidence or a legitimate reason to justify reopening the case. Even if the *Malhan* decision had some bearing on this case, there is no evidence to suggest that *Malhan* was meant to be applied retroactively to future cases such as the present one. Accordingly, Plaintiff's motion to reinstate the case is denied in its entirety.

## ORDER

This matter, having come before the Court on Plaintiff's Motion to Reinstate Case (ECF No. 151), and the Court having carefully reviewed and taken into consideration the submissions

of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this ___26___ day of August, 2020,

**ORDERED** that Plaintiff's Motion to Reinstate Case (ECF No. 151) is **DENIED**.

_____
PETER G. SHERIDAN, U.S.D.J.